IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIXIE GRALEY-BRUMLOW RUSSEL , | : | |
| Plaintiff | : | Civil Action 2:08-cv-1050 |
| v. | : | Judge Frost |
| MARY BRUMLOW, *et al.* | : | Magistrate Judge Abel |
| Defendants. | : | |

**INITIAL SCREENING REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See*, *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim for relief, and, therefore, recommends dismissal of the complaint.

Plaintiff refers to herself variously as "Dixie Graley-Brumlow Russell", "Dixie Graley Brumlow-Russell", "Dixie Graley Brumlow", and "Dixie Graley". The Court will presume that her name is Dixie Graley Brumlow-Russell. Plaintiff names well over a hundred defendants. She has provided addresses for most of these, although some are stated so vaguely that it is difficult or impossible to determine the identity

1

of the party (e.g. "Walmart + Tawyna Nace", "Oran Ross + Wife + Children", "All Cigerette Companies".). The great majority of the listed defendants do not appear in Plaintiff's recitation of her claim.

Plaintiff claims that she has been injured in several ways. She claims that certain unidentified defendants conducted "devil worship" and operated a bawdy house on the premises of "Muskingum River Camp and Marina", apparently a property owned by Plaintiff. She further alleges that these defendants used "U.S. intelligence equip" to read her mind, used a laser to blind her, and attempted to coerce her into assigning her property to them. She also apparently claims that five persons misappropriated property from Bobby Brumlow before his death, depriving her of an expectancy, and that Mike Lowe, Esq. failed to properly probate the estate of Bobby Brumlow. She states that Genesis Hospital of Zanesville, Ohio inflicted spinal damage upon her in the course of an emergency room procedure to which she did not consent. She claims that Stanley Chapplle stole many items of personal property from her campground, and damaged the front porch. She further claims to Mr. Chapplle and his wife defaulted on a land contract to which Plaintiff was a party. Plaintiff also alleges that Mary Brumlow poisoned Bobby Brumlow, and attempted to kill her as well.

For relief on her claim, Plaintiff requests $12,000,000, the return of all real and personal property stolen by one or more defendants, the transfer of all former property of Bobby Brumlow to her, and various miscellaneous relief (e.g. "make Mike Lowe see if marriage Dixie Russell is legal to Paul Russell - was forced to

2

mary and he tried to take Dixie Graley property").

Rule 8(a) of the Federal Rules of Civil Procedure provides that:

(a) Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The United States federal courts, generally speaking, only have the power to hear either cases which out of federal law or the United States Constitution ("federal question jurisdiction" under 28 U.S.C. §1331), or cases in which more than $75,000 is at issue and which are between citizens of *different* states ("diversity jurisdiction" under 28 U.S.C. §1332). Plaintiff does not mention that any of her claims are based in federal law, and virtually all of the defendants she lists are citizens of Ohio. Therefore, she has not satisfied Rule 8(a)(1). In addition, it is extremely difficult, or even impossible, for the Court to determine the nature of Plaintiff's vague claims beyond the brief outline stated above. Plaintiff's Complaint is stated so vaguely, and presents such a confusing assortment of allegations, that it does not contain "a short and plain statement of the claim".

Accordingly, the Magistrate Judge recommends that the complaint be **DISMISSED** because it fails to state a claim on which relief may be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

Plaintiff furthermore has neither paid the Court's $350.00 filing fee nor moved for leave to proceed *in forma pauperis*. Plaintiff is **ORDERED** to fill out and submit the Non-Prisoner Declaration in Support of Request to Proceed *In Forma Pauperis* within thirty (30) days of the date of this Order. Failure to either pay the $350.00 filing fee or to support the motion to proceed in forma pauperis will result in dismissal of this lawsuit.

s/Mark R. Abel<br>
United States Magistrate Judge